IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

**JAMES A. DALY,**

  **Plaintiff,**

vs.

                 **Case No. _____**

**CITY OF DE SOTO, MISSOURI and**
**JEFF MCCREARY**

  **Defendants.**

# COMPLAINT

  Plaintiff James A. Daly ("Daly"), for his Complaint against defendants City of De Soto, Missouri ("De Soto") and Police Chief Jeff McCreary ("McCreary"), states and alleges as follows:

1. Plaintiff Daly is an individual and resident of Imperial, Missouri.

2. Defendant De Soto is a municipality, authorized to do business in the state of Missouri.

3. Defendant McCreary is an employee of the City of De Soto and is Chief of De Soto's Police Department.

4. Jurisdiction and venue are properly placed inasmuch as all transactions and occurrences relevant to plaintiff's cause of action occurred in this judicial district.

5. This court possesses subject matter jurisdiction inasmuch as plaintiff's principal claims arise out of federal law, to wit the First and Fourteenth Amendments to the United States Constitution together with 42 U.S.C. 1983 and 1988, as well as pendent jurisdiction.

6. Plaintiff Daly further has been issued a Right to Sue notification from the Missouri Commission on Human Rights dated December 7, 2021.

## FACTUAL BACKGROUND

7. Plaintiff Daly has served in a professional law enforcement capacity for a period of several decades, performing his duties during such period in a consistently professional and appropriate manner.

8. During the term of his employment with defendant De Soto, plaintiff Daly performed his duties as a law enforcement officer in a consistently professional and appropriate manner.

9. During the period of plaintiff Daly's employment with Defendant De Soto, under the command of defendant McCreary, he intentionally and/or unintentionally allowed and/or engaged in the exercise of free speech upon his private property.

## COUNT I: RETALIATION IN VIOLATION OF
## R.S.MO 213.070

10. Plaintiff incorporates each of the foregoing allegations, and further states as follows.

11. Plaintiff Daly, during the course of his employment as a law enforcement officer by defendant De Soto, was advised in early 2020 by a female employee of defendant De Soto that she felt victimized by sexual harassment within the workplace.

12. Plaintiff Daly, in response to the concerns relayed to him by his female colleague, engaged in assistance to his colleague by, among other things, registering expressions of

concern on her behalf with members of management within the De Soto Police Department, including defendant McCreary, on behalf of his female colleague.

13. Thereafter, plaintiff Daly was subjected to a course of mistreatment by defendant De Soto reflecting a retaliatory bias against him due to his protected expressions of concern as referenced above.

14. Plaintiff's unlawful mistreatment during the course of his active-duty employment has been a direct result of his protected expressions of concern and active support of his female colleague, and as such constitutes one or more unlawfully retaliatory actions in violation of R.S. MO 213.070, which statute prohibits retaliation by an employer under such circumstances.

15. Plaintiff's unlawful retaliatory mistreatment arises from improper treatment directed toward him in his workplace, as a direct result of plaintiff Daly's protected expressions of concern and assistance on behalf of his female colleague.

16. Plaintiff Daly has been made to endure an unwelcome, hostile, and retaliatory workplace environment by defendant De Soto's management, as a result of his expressions of concern as relate to the subject unwelcome and unequal treatment.

17. In light of the foregoing, Plaintiff Daly's course of unlawful treatment by defendant De Soto gives rise to his claim for damages as a result of his unlawful treatment in violation of Plaintiff Daly's right to be free from retaliation in employment, as provided by R.S.MO. 213.070.

18. Plaintiff is entitled to a judgment in his favor, and against defendant De Soto, for his actual and compensatory damages arising from Defendants' violation of his right to be free from retaliation, and Plaintiff has been so damaged in an amount exceeding

$75,000.00.

19. Plaintiff is further entitled to an award of punitive damages given the maliciousness and/or recklessness demonstrated by defendant De Soto, in an amount exceeding $75,000.00

20. Plaintiff is further entitled to the award of his attorney's fees and costs, statutory interest, reinstatement and/or front pay, together with such other and further relief as the Court deems proper.

WHEREFORE, Plaintiff Daly prays for judgment against defendant De Soto in an amount exceeding $75,000.00 as and for his actual and compensatory damages, for judgment against defendant De Soto in an amount exceeding $75,000.00 as and for his punitive damages, for reinstatement and/or front pay, and further for his attorney's fees and costs, statutory interest, together with such further relief as the Court deems proper.

### COUNT II: VIOLATION OF PLAINTIFF'S RIGHT TO FREEDOM OF SPEECH PURSUANT TO THE FIRST AND FOURTEENTH AMENDMENTS AND 42 U.S.C. 1983

21. Plaintiff Daly incorporates each of the foregoing allegations, and further states as follows.

22. During the course of his employment with defendant Do Soto, and while under the direct supervision and command of defendant McCreary, Plaintiff Daly and/or certain of his family members displayed certain information and/or decorations on his private residential property which were directly related to a matter of public concern, to wit race relations in the greater St. Louis community.

23. Plaintiff Daly's exercise of his and/or his family's right to freedom of speech upon his residential property did not interfere with Plaintiff Daly's work performance or otherwise

      create a disruption or an inappropriate workplace environment within defendants' police department.

24. The subject information and/or decorations were not so egregious as to result in a forfeiture of plaintiff Daly's First Amendment right to the expression of free speech.

25. Thereafter, defendant McCreary, in his capacity as plaintiff Daly's ultimate superior within defendant De Soto's Police Department, notified plaintiff Daly that Daly's expression of free speech upon his residential property was unacceptable to defendant McCreary and/or defendant De Soto, and demanded of plaintiff Daly that such decorations be removed from his residential property.

26. The demands of defendant McCreary as referenced in the preceding paragraph constituted a plain abridgement of plaintiff Daly's right to express himself freely as to a matter of public concern upon his private property, as guaranteed him pursuant to the First and Fourteenth amendments to the United States Constitution.

27. Thereafter, and in furtherance of his unlawful abridgement of plaintiff Daly's constitutional rights, defendant McCreary acted to terminate unlawfully and retaliatorily the employment of plaintiff Daly with the defendant De Soto.

28. Defendant McCreary's course of conduct directed toward plaintiff Daly, culminating in plaintiff's unlawful involuntary discharge from employment were actions which unlawfully abridged plaintiff Daly's rights to free speech as guaranteed him pursuant to the First and Fourteenth Amendment of the Constitution, and 42 U.S.C. 1983.

29. Defendant McCreary's actions taken against plaintiff Daly, as aforesaid, are violative of 42 U.S.C. 1983 in that they constitute an unlawful violation of plaintiff Daly's constitutional rights as referenced above.

30. Plaintiff is entitled to a judgment in his favor, and against defendant McCreary, and/or defendant De Soto, as may be appropriate, for his actual and compensatory damages arising from the violation of plaintiff's right to engage in free speech, and Plaintiff has been so damaged in an amount exceeding $75,000.00.

31. Plaintiff Daly is further entitled to an award of punitive damages in an amount exceeding $75,000.00 as against defendants, as may be appropriate, as a result of the malice and reckless disregard for his rights demonstrated by defendants

32. Plaintiff is further entitled to an award of reinstatement and/or front pay, his attorney's fees and costs, statutory interest, together with such other and further relief as the Court deems proper, all as provided by 42 U.S.C. 1983 and 1988.

WHEREFORE, Plaintiff Daly prays for judgment against defendants McCreary and/or defendant De Soto, as may be appropriate, in an amount exceeding $75,000.00 as and for his actual and compensatory damages, in an amount exceeding $75,000.00 as and for his punitive damages, for reinstatement and/or front pay, and further for his attorney's fees and costs, statutory interest, together with such further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury as to all issues so triable.

Respectfully Submitted,

LAW OFFICES OF ALBERT F. KUHL


/s/ Albert F. Kuhl
Albert F. Kuhl   #42504
LAW OFFICE OF ALBERT F. KUHL
9393 W. 110th St., Building 51
Suite 500
Overland Park, Kansas 66210
Tel.:  913.638.8022
Fax:  913.451.6750
Email: Al@kcjoblawyer.com
ATTORNEY FOR PLAINTIFF